

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN₁₁

GROVER SELLERS
ATTORNEY GENERAL

Honorable John R. Crawford
County Auditor
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. 0-7066

Re: Should the money received from the sale of a portion of the land belonging to the county farm be placed in the general fund or be used in retiring outstanding scrip that has accumulated as an operational debt of the county farm?

We quote the following from your letter of January 26, 1946, requesting an opinion of this Department:

"* * * The Commissioners' Court has sold a portion of the land belonging to the County Farm. The question arises as to whether this money should be placed to the credit of the General Fund or used in retiring outstanding scrip that has accumulated as an operational debt of the County Farm."

Article 1625 of the Revised Civil Statutes provides:

"Claim registers.--Each county treasurer shall keep a well-bound book in which he shall register all claims against his county in the order of presentation, and if more than one is presented at the same time he shall register them in the order of their date. He shall pay no such claim or any part thereof, nor shall the same, or any part thereof, be received by any officer in payment of any indebtedness to the county, until it has been duly registered in accordance with the provisions of this title. All claims in each class shall be paid in the order in which they are registered."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John R. Crawford, page 2

Article 1626 of such Statutes provides:

"Claims classified.--Claims against a county shall be registered in three classes, as follows:

"1. . . .

"2. . . .

"3. All the general indebtedness of the county, including feeding and guarding prisoners, and paupers' claims."

Article 1627 of such Statutes provides:

"Registering claims.--Said treasurer shall enter each claim in the register, stating the class to which it belongs, the name of the payee, the amount, the date of the claim, the date of registration, the number of such claim, by what authority issued, and for what service the same was issued, and shall write on the face of the claim its registration number, the word, 'registered,' the date of such registration, and shall sign his name officially thereto."

Article 1628 of the Statutes provides:

"Classification of county funds.--The funds received by the county treasurer shall be classed as follows, and shall be appropriated, respectively, to the payment of all claims registered in the first, second and third classes:

"1. . . .

"2. . . .

"3. All money received, not otherwise appropriated herein or by the commissioners court."

With reference to the operational debt of the county farm, the law is well-settled that all county expenditures lawfully authorized to be made by the county must be paid out of

the county's General Fund unless there is some law which makes such expenditures a charge against a special fund. Carroll v. Williams, 182 S. W. 29; Bexar County v. Mann, 157 S. W. (2d) 134.

Although the county may have in existence a special fund or farm account, we may presume all claims for which the outstanding scrip was registered to fall within the third-class claims as general indebtedness of the county and are properly registered as claims belonging to the third class.

The Commissioners' Court is not authorized to allow or give preference to payment of claims out of order of their proper registration. Article 1625, supra, clearly denotes the order in which warrants drawn against the County Treasury are to be paid. Clarke and Courts v. San Jacinto County, 45 S. W. 315; Wilkinson v. Franklin County, 94 S. W. (2d) 1190.

Article 11, Section 2 of the Constitution of Texas provides that the construction of jails, courthouses, bridges and the establishment of county poor houses, farms, and the laying out, construction, and repairing of county roads shall be provided for by general law. We think it is axiomatic, as well as within the Constitutional provisions and statutes of this State, that the acquiring of a county poor farm, being in the nature of a permanent improvement, should be paid for out of the permanent improvement fund, for we must presume that when the county purchased this land the purchase price was paid out of the permanent improvement fund of the county, the only county fund out of which it could have been legally paid. Article XIII, Sec. 9 of the Constitution.

It is therefore the opinion of this Department that money from the sale of a portion of the land belonging to the county farm cannot be used in retiring outstanding scrip accumulated as an operational debt of the county farm, but such money should be placed in the permanent improvement fund of the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK/JCP

APPROVED FEB 3, 1946
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWT
CHAIRMAN